# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:19-CV-63104-ALTMAN/HUN

PAULA TRAJANO,
individually and on behalf of all
others similarly situated,

        CLASS ACTION

    Plaintiff,

        JURY TRIAL DEMANDED

v.

PUBLIC REPUTATION
MANAGEMENT SERVICES, LLC,

    Defendant.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff PAULA TRAJANO ("Plaintiff") brings this class action against Defendant PUBLIC REPUTATION MANAGEMENT SERVICES, LLC ("Defendant")[1] and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), arising from Defendant's violations of the TCPA.

---

[1] Defendant's Motion to Transfer, Stay, or Dismiss [D.E. 6], of which this First Amended Complaint *moots*, claims, *among other things*, that another case had previously been filed against Defendant in the Eastern District of Pennsylvania (Case No. 2:19-cv-04909-GEKP) and, under the "First-Filed Rule," this action should be transferred. Inspection of the case proffered by Defendant (*i.e.*, United State District Court, Eastern District of Pennsylvania, Case No. 2:19-cv-04909-GEKP) does not involve Defendant. The above-captioned action is against **public REPUTATION MANAGEMENT SERVICES, LLC**, and the case proffered by Defendant is against **PR.BUSINESS, LLC**.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

2. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct. Plaintiff also seeks statutory damages on behalf of herself and the proposed class, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state than Defendant. Plaintiff seeks up to $1,500.00 in damages for each phone placed by Defendant in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 threshold for federal court jurisdiction under the Class Action Fairness Act.

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provide and market their services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within this district and, on information and belief, Defendant has made and/or placed unlawful phone calls, such as those complained of by Plaintiff, to other individuals within this judicial district, such that some of Defendant's acts have occurred within this district, subjecting Defendant to jurisdiction here.

## PARTIES

5. Plaintiff is a natural person and is a resident of Broward County, Florida.

6. Defendant is a Florida corporation, with a principal address of 4910 Communication Avenue, Suite` 200, Boca Raton, Florida 33431

7. Defendant directs, markets, and conducts substantial business activities in Florida.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## THE TCPA

8. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

9. The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

10. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice… to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

11. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system *or prerecorded voice*."  Breslow v. Wells Fargo Bank, N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014) (emphasis added).

12. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent.  *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act

PAGE | **3** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

14. Plaintiff is the sole subscriber of the cellular telephone number ending in 2615 ("Plaintiff's Cellphone").

15. On or about September-2019, Defendant began calling Plaintiff's Cellphone to solicit its (Defendant's) services to Plaintiff.

16. As of this filing, Plaintiff has received, and is still receiving, numerous automated phone calls and/or pre-recorded voicemail messages from Defendant.

17. Each and every call made or placed by Defendant, or another on Defendant's behalf, to Plaintiff was to solicit its (Defendant's) services to Plaintiff.

18. On one or more occasions, when Plaintiff answered a call from Defendant, Plaintiff would hear either an extended pause before a represented would come on the line, or an automated message soliciting Defendant's services to Plaintiff.

19. On one or more occasions, when Plaintiff did not answer a call from Defendant, Defendant would leave a pre-recorded voicemail message for Plaintiff.

20. At no point in time did Plaintiff provide Defendant with Plaintiff's express consent to be called, written, or otherwise.

21. As a result of Defendant calling Plaintiff's Cellphone, Plaintiff has suffered actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion.

22. All calls Defendant placed and/or made to Plaintiff's Cellphone were received by Plaintiff within this district.

23. None of Defendant's calls to Plaintiff's Cellphone were for emergency purposes.

## CLASS ALLEGATIONS

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

### *PROPOSED CLASS*

25. Plaintiff brings this case on behalf of the following class (the "Class" or "No Consent Class"): **[1]** All persons in the United States **[2]** within the four years immediately preceding the filing of this Complaint **[3]** whose cellular telephone number **[4]** was called **[5]** by Defendant or anyone on Defendant's behalf **[6]** using an artificial or prerecorded voice.

26. Defendant and their employees or agents are excluded from the Class.

27. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### *NUMEROSITY*

28. Upon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### *COMMON QUESTIONS OF LAW AND FACT*

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

31. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice; [2] Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls; [3] Whether Defendant conduct was knowing and willful; [4] Whether Defendant are liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant, by and through an artificial or prerecorded voice, routinely calls telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### *TYPICALITY*

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### *PROTECTING THE INTERESTS OF THE CLASS MEMBERS*

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### *SUPERIORITY*

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant wrongful conduct are too small to warrant the expense of individual lawsuits.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

*COUNT I*
**VIOLATIONS OF 47 U.S.C. § 227(b)**
*On Behalf of Plaintiff and the No Consent Class*

37. Plaintiff re-alleges and incorporates paragraphs 1-36 as if fully set forth herein.

38. Defendant – or third parties directed by Defendant – an artificial or prerecorded voice to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class. These calls were sent without regard to whether Defendant had first obtained express permission from the called party. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff or the other members of the Class when such calls were place and/or made.

39. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

40. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the No Consent Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the No Consent Class are also

PAGE | **7** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

entitled to an injunction against future calls. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of No Consent Class.

41. **WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the No Consent Class, and against Defendant that provides the following relief:

(A) Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

(B) A permanent injunction prohibiting Defendant from violating the TCPA in the future through calling cell phones using an artificial or prerecorded voice;

(C) A declaration that Defendant violated the TCPA by and through its use of an artificial or prerecorded voice to call the cell phones of Plaintiff and the No Consent Class; and

(D) Any other relief the Court finds just and proper.

## JURY DEMAND

42. Plaintiff, respectfully, demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

43. Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the phone calls as alleged herein.

DATED: February 3, 2020

Respectfully Submitted,

/s/ Jibrael S. Hindi                               .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi

                                                             110 SE 6th Street, Suite 1744  
                                                             Fort Lauderdale, Florida 33301  
                                                             Phone:     954-907-1136  
                                                             Fax:        855-529-9540  

                                                             *COUNSEL FOR PLAINTIFF*

PAGE | **9** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com